UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. QUEEN, | ) 1:09-cv—01224-SKO-HC |
| | ) |
| Petitioner, | ) ORDER GRANTING RESPONDENT'S |
| | ) MOTION TO DISMISS THE PETITION |
| | ) AND DISMISSING THE PETITION AS |
| v. | ) SUCCESSIVE PURSUANT TO 28 U.S.C. |
| | ) § 2244(a) (Doc. 1) |
| H. A. RIOS, JR., Warden, | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| Respondent. | ) CLOSE THE ACTION |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on July 23 and 24, 2009, and on behalf of Respondent on June 9, 2010. Pending before the Court is Respondent's motion to dismiss the petition, filed on November 29, 2010. Petitioner filed opposition to the motion on

1

December 8, 2010; no reply was filed.

## I. Propriety of a Motion to Dismiss

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b). Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to

exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). In light of the broad language of Rule 4, this circuit has held that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present procedural issues such as failure to exhaust state remedies and procedural default. O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Analogously, a motion to dismiss is appropriate in the present proceeding brought pursuant to § 2241 because information concerning other District Courts' proceedings will be considered to determine the propriety of the petition.

Accordingly, the Court will proceed pursuant to Rule 4 to consider the Respondent's motion to dismiss.

II.   Background

At the time the petition was filed, Petitioner was incarcerated in the United States Penitentiary at Atwater, California (USP Atwater); he was later moved to the Federal Correctional Institution at Bennettsville, South Carolina (FCI Bennettsville). (Pet. 1.) Respondent concurs that the warden of USP Atwater, H. A. Rios, Jr., is the proper respondent for the purpose of the motion to dismiss, and Respondent does not contest venue. (Mot. 2:1-24.)

Petitioner was convicted of robbery in the United States District Court of Maryland, Northern Division, and he was

3

previously convicted of criminal offenses in state court. (Pet. 2.) In the petition, Petitioner challenges the manner in which his federal sentence is being executed. Petitioner alleges that he began serving his federal sentence, was transferred to state custody, and was thereafter returned to federal custody to complete service of the federal sentence. Petitioner alleges that the marshals erred in returning Petitioner to federal custody, and because Petitioner was subjected to serving a sentence in a piecemeal fashion, Petitioner is entitled to release. (Pet. 2-6.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of the docket and documents filed in another federal court action that are pertinent to this proceeding.

The Court takes judicial notice of the docket and docketed orders in Nicholas J. Queen v. Donald Romine, Warden, 3:98-cv-02074-RPC-JVW, a proceeding in the United States District Court, Middle District of Pennsylvania. The full text of the Court's order of January 21, 2000, denying the petition for writ of habeas corpus is not available in the PACER electronic docket system. However, the docket reflects that Petitioner appealed from the judgment after an unsuccessful motion for a new trial that was construed as a motion for reconsideration. (Docs. 19-

21, 23-29.)  After the judgment was affirmed on appeal, Petitioner moved in the District Court for relief from the judgment pursuant to Fed. R. Civ. P. 60(b) on November 29, 2001. (Doc. 30.)

The documents subject to judicial notice establish that the District Court for the Middle District of Pennsylvania determined the legality of Petitioner's detention with respect to Petitioner's claim concerning a right to release based on the piecemeal service of his sentence.  In his Rule 60(b) motion in the District Court for the Middle District of Pennsylvania, Petitioner attached portions of the court's order of January 21, 2000, in which the court had denied the petition.  (Doc. 30, 5, 10-12.)  He also described the order in a subsequent motion.[1] (Doc. 47, 3.)

The portions of the order set forth in Petitioner's Rule 60(b) motion reflect that the District Court concluded that Petitioner's federal and state sentences were intended to be served concurrently.  Petitioner received continuous credit toward service of his federal sentence from September 30, 1994, the date sentence was imposed, as well as credit on his federal sentence for all time spent in pre-trial detention on state charges, from June 4, 1993, through September 19, 1993. Petitioner had argued in the petition that his return to Maryland state custody on December 16, 1994, was improper because it caused him to serve his federal sentence in a piecemeal fashion, and it warranted immediate release.  The court concluded that

---

[1] The Court notes that a subsequent post-judgment motion by Petitioner was the subject of another appeal later filed by Petitioner, and in that proceeding, the Court of Appeals affirmed the judgment. (Doc. 54-2, 1-3.)

5

Petitioner was in federal custody via a writ of habeas corpus ad prosequendum when sentenced in federal court; the state retained primary jurisdiction of Petitioner, so his placement in federal prison in October 1994 was erroneous and did not constitute commencement of service of his federal sentence.  Therefore, when Petitioner was returned to federal custody, there was no piecemeal service of the federal sentence. (Doc. 30, 10-12; doc. 47, 3.)

### III. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

In addition, the gate-keeping provisions of the AEDPA place the responsibility on the Court of Appeals to authorize successive petitions concerning state court judgments pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(b).

However, the provisions requiring prior appellate permission to proceed with a successive petition pertain expressly to claims presented under § 2254 and contain no reference to petitions filed under § 2241.  Thus, the gate-keeping provisions do not

6

apply to habeas petitions filed under § 2241. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).

Nevertheless, § 2244(a) prevents a federal inmate from using § 2241 to call into question the validity of a federal court conviction or sentence that has already been subject to a federal court's determination of legality, such as when the validity of a conviction or sentence has already been subject to federal collateral review. Id. (citing Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998)); accord, Valona v. United States, 138 F.3d 693, 694-95 (7th Cir. 1998) (concluding that §2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence). The statutory restrictions in the AEDPA on successive petitions have been characterized as a modified res judicata rule restraining what in traditional habeas corpus practice was known as "abuse of the writ," a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker v. Turpin, 518 U.S. 651, 664 (1996) (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). The appropriate disposition of a successive petition is dismissal. Queen v. Miner, 550 F.3d 253, 255 (3d Cir. 2008); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997).

Here, Petitioner's claim of illegal confinement is based on the movement of Petitioner from federal custody to a state institution to serve a state sentence, and the subsequent return

of Petitioner to federal custody to serve piecemeal the remainder of Petitioner's federal sentence.  This is essentially the same claim that was made in the District Court for the Middle District of Pennsylvania, where the court rendered a decision on the legality of the detention.

Therefore, the petition will be dismissed.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1)   Respondent's motion to dismiss the petition is GRANTED, and the petition is DISMISSED with prejudice as successive; and

2)   The Clerk is DIRECTED to close this action because the dismissal will terminate the action.

IT IS SO ORDERED.

**Dated:     February 3, 2011**               /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE