**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS J. QUEEN,<br><br>            Petitioner,<br><br>    v.<br><br>H. A. RIOS, JR.,<br><br>            Respondent. | Case No. 1:09-cv-01224-SKO-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 24) |

Petitioner is a federal prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was dismissed with prejudice by this Court. Pursuant to 28 U.S.C. 636(c)(1), the parties consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. Pending before the Court is a motion for reconsideration filed on August 11, 2014, and a notice filed thereafter asking the Court to construe the motion as a new habeas petition.

I. Background

In the petition, Petitioner challenged the manner in which his

1

sentence was executed, which had involved assignment to a federal prison, transfer to a state institution to serve some state time, and then transfer to federal prison to serve his federal sentence. Petitioner challenged the lawfulness of the piecemeal nature of his sentence. The petition was dismissed as a successive petition pursuant to 28 U.S.C. § 2244(a) on February 4, 2011 (docs. 22 & 23).

Petitioner now seeks reconsideration of the dismissal and/or leave to amend his petition to avoid a miscarriage of justice and to raise what he characterizes as a new claim that his recommitment to federal prison after serving state time was unauthorized or unsupported by a required order of commitment.

II.   Motion for Reconsideration pursuant to Fed. R. Civ. P. 60

Fed. R. Civ. P. 60(b) governs the reconsideration of final orders of the district court. Fed. R. Civ. P. 60(b) permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Petitioner's motion itself may be a prohibited successive petition. Section 2244(a) prohibits successive petitions as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by

2

>     a judge or court of the United States on a prior application
>     for a writ of habeas corpus, except as provided in section
>     2255.

28 U.S.C. § 2244(a).  The Ninth Circuit Court of Appeals has recognized that this provision bars successive petitions brought pursuant to § 2241.  See, <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000).  Although Rule 60(b) generally applies to habeas corpus proceedings, it applies in habeas proceedings only to the extent that it is not inconsistent with applicable federal statutes and rules.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529-36 (2005) (Section 2244(b)'s limitation on successive petitions challenging state court detentions did not bar a Rule 60(b) motion challenging a ruling that a § 2254 petition was untimely).

In his motion for reconsideration, Petitioner challenges the same issue concerning the execution of his sentence that he challenged in the petition that this Court dismissed as successive, and he seeks the same relief on the merits.  To the extent that Petitioner's motion itself constitutes a prohibited successive petition, it will be dismissed.

If the merits of Petitioner's Rule 60(b) motion are properly before the Court, and assuming that the motion is not untimely, although the Court has discretion to reconsider and vacate a prior order, <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored.  A party seeking reconsideration must show more than a disagreement with the Court's decision and

offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

A motion for reconsideration under Rule 60(b)(6) will not be granted unless the movant shows extraordinary circumstances justifying relief. Gonzalez v. Crosby, 545 U.S. 524, 536 (2005). Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, what other grounds exist for

the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice. Accordingly, Petitioner's motion for reconsideration will be denied.

Finally, to the extent that Petitioner seek leave to amend his petition, Petitioner's motion will be denied because the case has been dismissed. See Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009).

III.   Disposition

Based on the foregoing, it is ORDERED that Petitioner's motion for reconsideration is DISMISSED and DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2014**                       **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

5